IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CARLOS FLORES,                )
                               )
             Plaintiff,      )
                               )     CIVIL ACTION
vs.                             )
                               )     Case No. 1:25-CV-01652
DAMA MONTEREY STREET LLC and   )
TICI LLC,                )
                               )
             Defendants.   )

## COMPLAINT

COMES NOW, CARLOS FLORES, by and through the undersigned counsel, and files this, his Complaint against Defendants, DAMA MONTEREY STREET LLC and TICI LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants' DAMA MONTEREY STREET LLC and TICI LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff CARLOS FLORES (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Thornton, CO (Adams County).

3.     Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7.      Defendant, DAMA MONTEREY STREET LLC (hereinafter "DAMA MONTEREY STREET LLC") is a foreign limited liability corporation that transacts business in the State of Colorado and within this judicial district.

8.      Defendant, DAMA MONTEREY STREET LLC, may be properly served with process via its Registered Agent, for service, to wit:  c/o Richard A. Howard, Registered Agent, 2408 Vintage Lane, Livermore, CA  94550.

9.      Defendant, TICI LLC (hereinafter "TICI LLC") is a Colorado limited liability corporation that transacts business in the State of Colorado and within this judicial district.

10.    Defendant, TICI LLC, may be properly served with process via its Registered Agent, for service, to wit:  c/o C T Corporation System, Registered Agent, 7700 E. Arapahoe Road, Suite 220, Centennial, CO  80112.

## FACTUAL ALLEGATIONS

11.    On or about April 9, 2025, Plaintiff was a customer at "Denny's", a restaurant located at 350 East 104th Avenue, Thornton, CO  80233 referenced herein as "Denny's".  *See* receipt attached hereto as Exhibit 1.  *See* photo of Plaintiff attached as Exhibit 2.

12.    Defendant, DAMA MONTEREY STREET LLC, is the owner or co-owner of the real property and improvements that Denny's is situated upon and that is the subject of this action, referenced herein as the "Property."

13.    Defendant, TICI LLC, is the lessee or operator of the real property and improvements that are the subject of this action, and they operate the Denny's which Plaintiff was a customer at and intends to be a future customer of within six months after the barriers to access are removed.

14.    Defendant, DAMA MONTEREY STREET LLC, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property.  Even if there is a lease between Defendant, DAMA MONTEREY STREET LLC, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

15.    Plaintiff's access to Denny's, located at 350 East 104th Avenue, Thornton, CO 80233, Adams County Property Appraiser's property identification number 0171915103002

("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

16.    Plaintiff lives only 7 miles from the Property.

17.    Given the close vicinity of the Property to the Plaintiff's residence and the fact the Property is located adjacent to the Dwight D. Eisenhower Parkway, a major highway commonly driven on by Plaintiff, Plaintiff often travels by the Property.

18.    Plaintiff has visited the Property seven times before as a customer and advocate for the disabled.  Plaintiff intends to revisit the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer to Denny's, to determine if and when the Property is made accessible and to substantiate already existing standing for this lawsuit for Advocacy Purposes.

19.    Plaintiff intends on revisiting the Property to purchase food and/or services as a return customer as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is dissuaded from returning to the Property as a customer until the barriers to access identified in this Complaint are removed.

20.    Plaintiff travelled to the Property as a customer seven times before as a customer, personally encountered many barriers to access the Property that are detailed in this Complaint,

engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

21.    Although Plaintiff may not have personally encountered each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the Complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit.  As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

22.    Plaintiff's inability to fully access the Property and the Denny's in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

<u>COUNT I</u>
<u>VIOLATIONS OF THE ADA AND ADAAG</u>

23.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

24.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

5

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

25.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    \* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

26.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

27.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

28.    The Property and Denny's is a public accommodation and service establishment.

29.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

30.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

31.    The Property must be, but is not, in compliance with the ADA and ADAAG.

32.    Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.    Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to purchase food and utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but

will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34.     Defendants, DAMA MONTEREY STREET LLC and TICI LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35.     Defendants, DAMA MONTEREY STREET LLC and TICI LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, DAMA MONTEREY STREET LLC and TICI LLC, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

36.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

i.     In front of Denny's, due to a failure to enact a policy of proper parking lot maintenance, the ground surfaces of the accessible space and associated access aisle have multiple potholes, vertical rises in excess of ¼ (one quarter)

8

inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 502.4, 302 and 303 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property.

ii.    In front of Denny's, due to an inadequate policy of parking lot maintenance or a lack thereof, the two accessible parking spaces are not adequately marked so as to adequately gauge the width of accessible parking spaces and the presence of an access aisle and is therefore in violation of Sections 502.1 and 502.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space and may cause other vehicles to unknowingly park in the accessible parking space decreasing the available width to Plaintiff.

iii.    The two accessible parking spaces are missing identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

iv.    There are no accessible parking spaces on the Property that have a sign designating an accessible parking space as "Van Accessible" in violation of Section 208.2.4 of the 2010 ADAAG standards and Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate a van accessible parking space.

v.    Due to the lack of an accessible ramp aligned with the shared access aisle of the two accessible parking spaces, a disabled individual would be required to traverse into the vehicular way and go behind a parked car in order to reach

the closest accessible route. As a result, the two accessible parking spaces are not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This barrier to access would make it difficult and dangerous for Plaintiff to access Denny's from these accessible parking spaces as the farther location increases the likelihood of traversing into the vehicular way and getting struck by a vehicle or encountering a barrier to access which stops Plaintiff from accessing the public accommodations offered at the Property.

vi.   The Property lacks an accessible route from the public sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to utilize public transportation to access the Denny's located on the Property.

vii.  At the accessible entrance to Denny's, the maneuvering clearance of this accessible entrance is not level (surface slope in excess of 1:48) in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access this unit of the Property since it is often necessary for individuals in wheelchairs to need to use their hands to both wheel through the doorway and keep the door open with another hand.  When the maneuvering clearance is not level, this ordinarily difficult process is made even more difficult by the inappropriately higher slope.

viii. Not all entrance doors and doorways comply with Section 404 of the 2010 ADAAG standards, this is a violation of Section 206.4 of the 2010 ADAAG

standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

ix.    There is an accessible ramp connecting Denny's to the adjacent building. The required handrails on both sides of the accessible ramp are missing, in violation of Section 505.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

x.    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**DENNY'S RESTROOMS**

xi.    The vertical reach to the buttons required to unlock the restroom door exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This barrier to access would make it difficult for Plaintiff to reach the actionable mechanism of the door lock due to the fact individuals in wheelchairs are seated and have lower reach ranges than individuals who stand.

xii.    The door hardware of the restrooms is at a height that exceeds 48" from the finished floor, in violation of Section 404.2.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

xiii.    The accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards.  This barrier to access would make it difficult for Plaintiff's wheelchair to fit into and maneuver within the toilet stall.

xiv.    The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xv.     Within the accessible toilet stall, mounted on the rear wall is a toilet seat cover dispenser, if the accessible stall had a rear grab bar (which it currently does not), then the location of the toilet seat cover dispenser causes inadequate space between the grab bar and objects placed above the grab bar in violation of Section 609.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to safely transfer from the wheelchair to the toilet and back if there was a rear grab bar.  As such, when a rear grab bar is installed, the toilet seat dispenser should also be relocated in compliance with Section 609.3 of the 2010 ADAAG standards.

xvi.    The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to flush the toilet as the location of the flush control on the open side is significantly easier to reach than when it is positioned on the closed side.

xvii.   Restrooms have fixtures with inadequate clear floor space in violation of Sections 606.2, 603.2 and 604.3 of the 2010 ADAAG standards. Specifically, the toilet seat liner dispenser lacks adequate clear floor space in order to reach

it. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

      xviii.    The accessible toilet stall door is not self-closing and violates Section 604.8.1.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to safely and privately utilize the restroom facilities.

      xix.    The accessible restroom signage is not located on the latch side of the door and is in violation of Section 703.4.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

37.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

38.    Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

39.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.    All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in this Complaint are listed in 28 C.F.R. § 36.304 as being readily achievable.

41.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

13

42.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, DAMA MONTEREY STREET LLC and TICI LLC, have the financial resources to make the necessary.

43.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable.  According to the Adams County Property Appraiser's Office the property is valued at $846,966.00.

44.     TICI, LLC is a Denny's restaurant, and world-wide Denny's branded restaurants have generated an estimated $2.7 billion in revenue in 2024, as such, TICI, LLC has the financial resources to make all necessary readily achievable modifications to cure the barriers to access identified in this Complaint.

45.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

46.     Upon information and good faith belief, the Property has been altered since 2010, including, but not limited to the placement of Amazon return lockers in the exterior accessible route.

47.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

48.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, DAMA MONTEREY STREET LLC and TICI LLC, are required to remove the

physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

49.    Plaintiff's requested relief serves the public interest.

50.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, DAMA MONTEREY STREET LLC and TICI LLC.

51.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, DAMA MONTEREY STREET LLC and TICI LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

52.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, DAMA MONTEREY STREET LLC and TICI LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendants, DAMA MONTEREY STREET LLC and TICI LLC, in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendants, DAMA MONTEREY STREET LLC and TICI LLC, from continuing their discriminatory practices;

(c)    That the Court issue an Order requiring Defendants, DAMA MONTEREY STREET LLC and TICI LLC, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: May 26, 2025.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


ATTORNEYS FOR PLAINTIFF